IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID GLEN FRYE                                                    PLAINTIFF


         v.                              CASE NO.        13-2028


CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision

of the Commissioner of Social Security Administration (Commissioner) denying his claim for a

period of disability and disability insurance benefits (DIB) and supplemental security income

("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial

review, the court must determine whether there is substantial evidence in the administrative

record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).


### I.  Procedural Background:

The plaintiff filed an applications for DIB and SSI  on November 4, 2010, alleging an

onset date of July 12, 2010, due to plaintiff's low back problems, right arm, both knees, vision,

and ADD (T. 159).  Plaintiff's applications were denied initially and on reconsideration.  Plaintiff

then requested an administrative hearing, which was held on October 20, 2011.  Plaintiff was

present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 47 years of age and possessed a 12th grade.  The Plaintiff  had past relevant work ("PRW") experience as a sales clerk  (T. 160).

On November 10, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's right elbow disorder, bilateral knee disorder, lumbar spine disorder (status post fusion), left eye vision loss, dysthymia, attention deficit hyperactivity disorder, and obesity did not meet or equal any Appendix 1 listing.  T. 10-14.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work with additional limitations T. 14. With the assistance of a vocational expert, the ALJ then determined Plaintiff could  perform the requirements of representative occupation such as  Cashier II and Callout Operator.  T. 22.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id.*  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

-2-

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is not supported by substantial evidence.

### A.  Step Two:

Step two of the regulations involves a determination, based on the medical evidence, whether the claimant has an impairment or combination of impairments that significantly limits

the claimant's ability to perform basic work activities. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)  At step two of the sequential evaluation process, the claimant bears the burden of proving that he has a severe impairment. *Nguyen v. Chater*, 75 F.3d 429, 430-431 (8th Cir. 1996). An impairment or combination of impairments is not severe if there is no more than a minimal effect on the claimant's ability to work. *See, e.g., Nguyen*, 75 F.3d at 431. A slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities is not a severe impairment. SSR 96-3p, 1996 WL 374181 (1996); SSR 85- 28, 1985 WL 56856 (1985)

The Plaintiff contends the ALJ committed error by not considering the loss of strength in his right hand. (ECF No. 12, p. 8).  The consultive exam showed the Plaintiff's grip strength in his right hand to be "grade 3-4" on a scale of 0-5.

The record with respect to Plaintiff's right hand numbness shows that in June 2001, about nine years prior to his alleged onset date, James Moore, M.D., found some numbness in his right hand and diagnosed him with right hand carpal tunnel syndrome (Tr. 291). However, the record also shows that Plaintiff continued to work with that impairment over the next nine years, with earnings ranging from over $19,000.00 to $26,000.00 a year (Tr. 116). The record also indicates no treatment or worsening of that condition before or after his alleged onset date.  In April, 2011, Ted Honghiran, M.D., performed an orthopedic examination of Plaintiff at the request of the state agency (Tr. 421-23). Dr. Honghiran noted on examination that Plaintiff had no circulation and sensation in his right hand, but had good strength and had no difficulty dressing or undressing (Tr. 422). Given this evidence, the ALJ properly found that Plaintiff had some numbness in his right hand, but no significant loss of strength and that his condition imposed no

more than minimal limitations on his ability to perform basic work activities (Tr. 10, 16).

The court finds no error in the ALJ's determination that the Plaintiff's sensory depravation in his right hand was not severe.

## B. Residual Functional Assessment

The ALJ found the Plaintiff had the Residual Functional Capacity to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can only occasionally climb (ladders, ropes, scaffolds, ramps, and stairs), balance, stoop, kneel, crouch, and crawl; and **must wear protective glasses**. Further, the claimant is limited to work involving simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, work place changes.

The Plaintiff also contends the ALJ's RFC Assessment was inconsistent with the record. (ECF No. 12, p. 9).   RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record.  *Id.*  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to

function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing  Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

**1. Credibility**

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ).  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  The court should , " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue*  687 F.3d 1086, 1091 (C.A.8 (Ark.),2012).

This court concludes that, because the ALJ gave several valid reasons for the ALJ's determination that Plaintiff was not entirely credible, the ALJ's credibility determination is entitled to deference, *see Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir.2012)

### 2. RFC Determination

Substantial evidence does not supports the ALJ's finding that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a)4 except that Plaintiff could only occasionally climb (ladders, ropes, scaffold, ramps, and stairs), balance, stoop, kneel, crouch, and crawl; **must wear protective glasses**; and was limited to work involving simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, work place changes (Tr. 14, Finding 5).

Although the RFC determination is a medical question that requires some medical evidence, it is ultimately an administrative determination reserved to the Commissioner.   See *Cox v. Astrue*, 495 F.3d 614, 619-20 (8th Cir. 2007); *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005); 20 C.F.R. §§ 404.1527(e)(2), 404.1546(c). It is the ALJ's responsibility to resolve questions of credibility and questions arising from conflicting medical evidence. See *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

In this case there are RFC Assessments by both treating physicians and consultive physicians. The Eighth Circuit Court of Appeals has upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue*, 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported RFC finding); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ's RFC assessment properly relied upon assessments of consultative physicians and a medical expert, which did not

conflict with the treating physician's records).

However, in this case the ALJ did not make any provision in his Hypothetical question to the fact that the Plaintiff was blind in one eye even though he found that to be a severe impairment. (T. 10).

### 3.  Hypothetical Question

Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence but, as acknowledged by the Defendant,  the ALJ made no provision for the Plaintiff's blindness in his left eye but argues that this error is harmless. (ECF No. 14, p.13).   *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision).

Even though the court finds the ALJ's opinion to be well reasoned and through in all regards except the provision for the Plaintiff's blindness as it relates to the VE's testimony. The Plaintiff testified that he had never been able to see out of his left eye (T. 35) and as noted the ALJ found this to be a severe impairment.

The ALJ then proposed the following hypothetical to the VE:

> Let me ask you to consider someone of the Claimant's same age, education, and work experience, who can do no more than sedentary work; who can occasionally climb ramps or stairs; occasionally climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl.
> Work is limited to simple, routine, and repetitive tasks, involving only simple work related decisions with few, if any, work place changes.  T. 42.

The VE testified that the Plaintiff would be unable to perform his past relevant work but

that he could perform the jobs of cashier II and call out operator. (T. 43).  The ALJ subsequently questioned the Plaintiff about his eyesight and then amended his hypothetical but he did not amend the hypothetical to include the Plaintiff's blindness but only to the extent that he "would have to wear glasses". (T. 47).

The court believes that remand is necessary to determine if the Plaintiff's right eye blindness would change the opinion of the VE concerning the jobs the Plaintiff could perform.

### V.  Conclusion:

Accordingly, the court finds that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration.

Dated  this December 9, 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE